IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FLAMER,

    Plaintiff,

v.                                 : Civ. No. 14-1277-RGA

VINCENT CARR, et al.,

    Defendants.

John Flamer, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 28, 2015
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff John Flamer, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court reviewed, screened, and dismissed the original Complaint and gave Flamer leave to amend. Plaintiff filed an amended complaint (D.I. 16) which the Court will now screen pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

The original complaint named Racquel D. Hosten and Dr. Lawson as defendants. They are not named as defendants in the amended complaint. Accordingly, they will be dismissed as defendants.

In the amended complaint, Flamer alleges that Defendant Vincent Carr falsely stated that Flamer is being treated with testosterone for a medical condition. Flamer alleges that he never received the testosterone and when he brought this to the attention of the medical directors, Carr informed Flamer that his condition would be addressed in September 2014. Flamer did not receive the treatment and, as of December 2014, has not received treatment for his condition.

When Flamer was housed at the HRYCI in 2012, he was given a cane by Defendant nurse practitioner Jon to assist in walking and to limit falls. Following his recent reincarceration, Flamer submitted several grievances requesting a cane. When he brought the matter to the attention of Jon, he refused to give one to Flamer, even though Jon had provided Flamer a cane in the past.

In August 2014, Flamer injured himself while attempting to get up from the floor (Flamer had previously fallen from the top bunk in May 2014). Physical therapy was ordered on September 25, 2014. Flamer alleges that defendant nurse practitioner

Carla Cooper refused to perform the physical therapy and this has caused his condition to worsen. In addition, on September 24, 2014, Flamer showed Jon and Defendants nurse practitioner Scharff and nurse Ellissa that he was "spitting up blood and blood was in [his] stool." Flamer was told that a specimen cup would be sent to his cell, but he never received it. It is unclear from the allegations if Flamer alleges that Scharff or Ellissa failed to follow-up or refused to obtain a specimen from Flamer.

In December 2014, Flamer again fell from the top bunk and injured himself. Dr. Lawson ordered x-rays, but Cooper ignored the order and would not perform the x-rays. Flamer submitted several grievances regarding the issue. Flamer seeks compensatory and punitive damages as well as injunctive relief.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Flamer proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

3

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Dennis Russell and Sandra Madigan are named as defendants, but there are no allegations directed towards them. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Flamer was previously advised of this pleading defect and given an opportunity to cure the defect through amendment. He failed to do so. Therefore, the Court will dismiss the claims against Russell and Madigan as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

4

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

When reading the Amended Complaint in the most favorable light to Flamer, he fails to state an actionable constitutional claim against Scharff, Jon, and Ellissa. Rather, the Amended Complaint alleges that Flamer believed he needed a cane and believed he needed a stool sample, and disagreed when he was not provided either. These allegations do not rise to the level of constitutional violations. Accordingly, the Court will dismiss the claims against Scharff, Jon, and Ellissa. Flamer has alleged what appear to be cognizable medical needs claims against Carr and Cooper.

For the above reasons, Defendants Russell, Scharff, Jon, Hosten, Madigan, Ellissa, and Dr. Lawson and the claims against them will be dismissed for as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Flamer will be allowed to proceed with medical needs claims against Carr and Cooper. In addition, Flamer recently filed a motion for injunctive relief to obtain physical therapy. The remaining Defendants will be ordered to respond to the motion.

An appropriate Order will be entered.